J-S31036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RYAN MATTHEW SCHANNAUER | |
| Appellant | No. 2190 MDA 2014 |

Appeal from the Judgment of Sentence Entered on December 8, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0000957-2014

BEFORE:  BENDER, P.J.E., ALLEN, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                              **FILED JULY 10, 2015**

Ryan Matthew Schannauer appeals his December 8, 2014 judgment of sentence.  Schannauer's counsel has filed a petition to withdraw as counsel, together with an **Anders**/**Santiago** brief.[1]  We find that Schannauer's counsel has satisfied the **Anders**/**Santiago** requirements and that Schannauer has no meritorious issues to pursue on appeal.  Consequently, we grant counsel's petition to withdraw as counsel, and we affirm Schannauer's judgment of sentence.

---

[1]  **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), *abrogated in part by* **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).  In **Santiago**, our Supreme Court developed certain rules to ensure compliance with the principles underlying the **Anders** decision.  Thus, it is common practice in this Court to refer to briefs filed thereunder as "**Anders**/**Santiago** briefs."

The trial court set forth the factual and procedural background of the case as follows:

On January 15, 2014, Schannauer, then [nineteen] years[-]old, was charged with criminal homicide (F1), arson – danger of death or bodily injury (F1), abuse of a corpse (M2), [kidnapping] to inflict injury/terror (F1), and related conspiracy offenses from an incident involving the brutal death of Ashley Lynn Kline (age [twenty-three]) on December 30, 2013.[1]

> [1] 18 Pa.C.S.A. § 2501(a), 18 Pa.C.S.A. § 3301(a)(1), 18 Pa.C.S.A. § 2901(a)(3), and 18 Pa.C.S.A. § 903(a), respectively.

Schannauer and his co-conspirator, Adam Morning Star Lynch, lured their friend, Kline, from her home in Berks County under the pretext of taking her to a movie. While in Schannauer's vehicle, a violent struggle occurred between Kline and her [kidnappers]. Ultimately, the vehicle was driven to a remote wildlife area in northern Lancaster County, and Schannauer assisted Lynch in forcibly removing Kline from the vehicle. Schannauer further helped Lynch in forcing Kline to walk into the woods and assisted Lynch as he repeatedly stabbed Kline. Schannauer then poured gasoline over Kline's body, and Lynch set her on fire while she was still alive. Schannauer and Lynch returned on January 8, 2014 and poured more gasoline on Kline's body in an effort to conceal her identity and destroy evidence. Kline's body was eventually discovered by hikers on January 12, 2014, and her identity confirmed by dental records.

Pursuant to Pa.R.[Crim.]P. 802, the Commonwealth filed a [notice of intent to seek a sentence of death] against Schannauer on March 4, 2014. Specifically, the Commonwealth believed it could prove two statutory aggravating circumstances: (1) a killing while in the perpetration of a felony, specifically arson and [kidnapping], 42 Pa.C.S.A. § 9711(d)(6); and (2) the killing was committed by means of torture. 42 Pa.C.S.A. § 9711(d)(8).

On November 3, 2014, Schannauer filed a pretrial motion, seeking to suppress statements made by Schannauer during police interviews on January 7, 2014, January 8, 2014, January 9, 2014, January 14, 2014, January 15, 2014, and at other times Schannauer was interviewed by the Pennsylvania State

Police. Schannauer further sought to suppress evidence seized pursuant to search warrants dated January 8, 2014, January 9, 2014, and January 15, 2014, for Schannauer's residence, vehicle, telephone[,] and computer. Lastly, Schannauer moved to dismiss the aggravating circumstances serving as the basis for the Commonwealth's [notice intent to seek a sentence of death].

In exchange for the Commonwealth dropping the death penalty, Schannauer agreed to enter a guilty plea to the charges of [first-degree] murder, arson, abuse of a corpse, conspiracy to abuse of a corpse, [kidnapping], and conspiracy to [kidnapping]. The conspiracy to arson charges were *nolle prossed* as part of the negotiated plea agreement. Pursuant to the negotiated guilty plea tendered on December 8, 2014, the [c]ourt imposed a mandatory sentence of life without the possibility of parole on the [first-degree] murder conviction.

The [c]ourt further ordered the following consecutive sentences as per the negotiated plea agreement: (1) [ten] to [twenty] years' incarceration on the arson conviction; (2) [one] to [two] years' incarceration on the abuse of corpse conviction; (3) [one] to [two] years' incarceration on the conspiracy to abuse of corpse conviction; (4) [five] to [ten] years' incarceration on the [kidnapping] conviction; and (5) [three] to [six] years' incarceration on the conspiracy to kidnap conviction. Accordingly, Schannauer received an aggregate sentence of life without parole plus [twenty] to [forty] years of consecutive incarceration. Schannauer was further ordered to pay restitution in the amount of $7,796.15, plus costs. No [post-sentence] motions were filed.

Trial Court Opinion ("T.C.O"), 2/3/2015, at 1-4 (some footnotes omitted; references to notes of testimony omitted).

On December 23, 2014, Schannauer filed a timely appeal to this Court. On January 12, 2015, Schannauer's counsel furnished the trial court with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In that statement, Schannauer raised the following issues:

1. Did the lower court impose illegal sentences where the sentences run consecutively to a life sentence?

2. Did penalty phase counsel provide ineffective assistance where he was working on several death row cases during the course or representation of the present case?

3. Did counsel provide ineffective assistance by failing to provide [Schannauer] with a copy of discovery documents?

*See* Appellant's Statement of Matters Complained of on Appeal at ¶¶ 1-3.

Counsel for Schannauer noted in the statement of errors complained of on appeal that it was his conclusion that Schannauer's issues are frivolous, that issues two and three are not reviewable on direct appeal, and that there are no non-frivolous claims to assert. On February 3, 2015, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

As aforementioned, counsel has filed an *Anders*/*Santiago* brief, in which he has identified the same issues as those raised in his concise statement. Additionally, counsel has filed a petition to withdraw as counsel. Schannauer has filed no response to the *Anders*/*Santiago* brief.

This Court must pass upon counsel's petition to withdraw before reviewing the merits of the issues presented by Schannauer. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) *(en banc)*. Prior to withdrawing as counsel under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. Pursuant thereto, the brief must provide the following information:

(1) a summary of the procedural history and facts, with citations to the record;

    (2)    reference to anything in the record that counsel believes arguably supports the appeal;

    (3)    counsel's conclusion that the appeal is frivolous; and

    (4)    counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his rights to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007). Finally, to facilitate our review of counsel's satisfaction of his obligations, he must attach to his petition to withdraw the letter he transmitted to his client. *See Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).

Our review of counsel's petition to withdraw and the accompanying brief demonstrates that counsel has complied with *Santiago*'s requirements. Counsel has provided a procedural history detailing the events relevant to this appeal with appropriate citations to the record. *See Anders* Brief for Schannauer at 5-6. Counsel also has articulated Schannauer's position and has analyzed the information presented to the sentencing court in favor of

his appeal thoroughly and with appropriate citations to the record and case law. *Id.* at 7-8.[2] Ultimately, counsel has concluded that Schannauer has no non-frivolous basis for challenging his sentence, because the sentencing court applied all of the appropriate sentencing guidelines and there was no evidence of an abuse of discretion. *Id.* at 11.

Counsel also has sent Schannauer a letter informing him that he has identified no meritorious issues to pursue on appeal, he has filed an application to withdraw from Schannauer's representation, and that Schannauer may find new counsel or proceed *pro se*. Letter, 2/25/2015. Counsel has attached the letter to his petition to withdraw, as is required by *Millisock*.

Accordingly, counsel has complied substantially with *Santiago*'s technical requirements. *See Millisock*, 873 A.2d at 751. Having passed upon the procedural requirements under *Anders* and *Santiago*, we now must conduct an independent review of the record to determine whether this appeal is wholly frivolous. *Santiago*, 978 A.2d at 354.

Schannauer's second and third issues are arguments of claims for ineffective assistance of counsel ("IAC") claims. Pursuant to the current state of our law, the claim is without merit because Schannauer must raise it

---

[2]    Counsel titles his *Anders*/*Santiago* brief as "Summary of Argument," but this section is simply the *Anders*/*Santiago* brief.

in a subsequent Post Conviction Relief Act ("PCRA") petition.[3]     In
***Commonwealth v. Holmes***, 79 A.3d 562 (Pa. 2013), our Supreme Court
considered "the reviewability of claims of IAC on direct appeal." ***Id.*** at 563.
Following a comprehensive review of the language codified in the PCRA and
decisions from our courts, our Supreme Court reaffirmed the principle that
IAC claims must be deferred until collateral review, and, thus are not
reviewable on direct appeal. ***Id.*** at 563, 564.   The Court crafted two
exceptions to this general proscription. ***Id.***  First, the Court held that a trial
court may, in its discretion, entertain IAC claims where extraordinary
circumstances exist such that review of the claim would best serve the
interests of justice. ***Id.*** at 564, 579-80.   Second, the Court reposed
discretion in trial courts to review IAC claims during post-sentence motions
only if there is good cause shown, and the unitary review so indulged is
preceded by the defendant's knowing and express waiver of his entitlement
to seek PCRA review from his conviction and sentence, including an express
recognition that the waiver subjects further collateral review to the time and
serial restrictions of the PCRA. ***Id.*** at 563, 580.

There is no indication in the record that extraordinary circumstances
exist in this case such that Schannauer's IAC claims warrant review on direct
appeal or that Schannauer expressly waived his right to PCRA review.

---

[3]     ***See*** 42 Pa.C.S. §§ 9541-46.

Consequently, in light of **Holmes**, Schannauer's claims of ineffective assistance of counsel are not cognizable on direct appeal.

We now turn to the lone potential appealable issue identified by **Anders** counsel: "Did the lower court impose illegal sentences where the sentences run consecutively to a life sentence without parole?" **Anders** Brief for Schannauer at 4. A challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte.* **Commonwealth v. Orellana**, 86 A.3d 877, 883 n.7 (Pa. Super. 2014). "A challenge to the legality of a sentence may be entertained as long as the reviewing court has jurisdiction." **Commonwealth v. Borovichka**, 18 A.3d 1242, 1254 (Pa. Super. 2011). Our standard of review over questions of the legality of a sentence is *de novo* and our scope of review is plenary. **Commonwealth v. Akbar**, 91 A.3d 227, 238 (Pa. Super. 2014).

Schannauer's claim concerning the legality of his sentence is meritless. There is no case law to support Schannauer's claim. In fact, this Court has consistently held that "there is no statutory provision restricting the length of possible sentences." **Commonwealth v. Button**, 481 A.2d 342, 345 (Pa. Super. 1984). Furthermore, 42 Pa.C.S. § 9721(a) gives express authority to the sentencing court to impose consecutive sentences.[4] No statutory or

---

[4] In pertinent part, 42 Pa.C.S. § 9721(a) provides: "In determining the sentence to be imposed the court shall . . . consider and select one or more of the [sentencing] alternatives, and may impose them **consecutively** or **concurrently**."

decisional authority circumscribes this authority simply because a life sentence has been imposed.

We have reviewed counsel's **Anders**/**Santiago** brief carefully, and find that it complies with the technical requirements imposed by those precedents. We further find that counsel has taken all steps necessary to ensure that his client's interests are protected. We also have conducted an independent review of the record. Pursuant thereto, we have concluded that counsel's characterization and analysis of the record is accurate, and that no non-frivolous challenge to Schannauer's judgment of sentence will lie. Moreover, our review has revealed no other non-frivolous issues that merit consideration on appeal. Accordingly, we affirm Schannauer's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2015